United States District Court
Southern District of Texas
**ENTERED**
April 13, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WALTER E. CASTRO, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:20-cv-03128 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER
GRANTING MOTION TO DISMISS**

Plaintiff Walter E. Castro brought action against Defendant the United States of America in September 2020. Dkt 1. He petitions for "complete control" over the United States Department of the Treasury. Id at 2. Castro asserts that he is God. He reasons that the government is under God, and so he's entitled to control of the funds within the Treasury Department. Id at 2–3.

The Government moved to dismiss the action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, while further arguing that Castro hasn't sufficiently pleaded an injury in fact and thus lacks standing. Dkt 8.

Castro proceeds here *pro se*. His filings are thus "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v Pardus*, 551 US 89, 94 (2007) (quotations omitted). Even so, his claims lack merit.

*As to subject-matter jurisdiction.* Rule 12(b)(1) permits a defendant to seek dismissal of an action for lack of subject-matter jurisdiction. The burden is on the party asserting jurisdiction to establish by a preponderance of the evidence that it exists. *New Orleans & Gulf Coast Railway Co v Barrois*, 533 F3d 321, 327

(5th Cir 2008) (citations omitted). Indeed, a presumption against subject-matter jurisdiction exists that "must be rebutted by the party bringing an action to federal court." *Coury v Prot*, 85 F3d 244, 248 (5th Cir 1996).

No federal question or diversity of citizenship readily appears. See 28 USC §§ 1331, 1332. And Castro neither pleads nor establishes by a preponderance of the evidence any other basis for subject-matter jurisdiction over this action. This requires dismissal.

*As to sufficiency of stated claim.* Rule 8(a)(2) requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007). Review on motion to dismiss under Rule 12(b)(6) is constrained, so the court "must accept all well-pleaded facts as true" and "view them in the light most favorable to the plaintiff." *Walker v Beaumont Independent School District*, 938 F3d 724, 735 (2019), quoting *Campbell v Wells Fargo Bank, NA*, 781 F2d 440, 442 (5th Cir 2019). But courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Vouchides v Houston Community College System*, 2011 WL 4592057, *5 (SD Tex), quoting *Gentiello v Rege*, 627 F3d 540, 544 (5th Cir 2010).

Castro hasn't sufficiently pleaded any facts demonstrating that he's entitled to relief. His brief complaint is based only on conclusory allegations that don't connect to a legal cause of action. This also requires dismissal.

*As to standing.* The United States Constitution vests power in the federal courts to adjudicate only "Cases" and "Controversies." Art III, § 2. To demonstrate a case or controversy, plaintiffs must establish that they have standing. *Lujan v Defenders of Wildlife*, 504 US 555, 560–61 (1992). The criteria sufficient to confer Article III standing are well known. A plaintiff must show that he's suffered an injury in fact, that the injury is fairly traceable to the challenged conduct; and that the injury is likely be redressed by a favorable decision. Ibid. The

party asserting a claim in federal court bears the burden to establish Article III standing. *Spokeo Inc v Robins*, 136 S Ct 1540, 1547–49 (2016), citing *FW/PBS, Inc v Dallas*, 493 US 215, 231 (1990). This means that the plaintiff must clearly allege facts at the pleading stage that demonstrate each criterion. *Spokeo*, 136 S Ct at 1547, quoting *Warth v Seldin*, 422 US 490, 519 (1975).

At issue here is *injury in fact*. The Supreme Court has often summarized that this requires a plaintiff to show "that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S Ct at 1548, quoting *Lujan*, 504 US at 560; see also *Carney v Adams*, 141 S Ct 493, 498–99 (2020). As with motions pursuant to Rule 12(b)(6), when faced with a standing challenge under Rule 12(b)(1) the reviewing court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. See *Xerox Corp v Genmoora Corp*, 888 F2d 345, 350 (5th Cir 1989) (citations omitted). It's also proper for courts to take judicial notice of directly relevant public records when reviewing motions pursuant to Rule 12(b)(1). See *Center for Biological Diversity, Inc v BP America Production Co*, 704 F3d 413, 422–23 (5th Cir 2013) (citations omitted); *White v District of Highland Village, LLC*, 2020 WL 6828836, *2 (SD Tex) (citations omitted), report and recommendation adopted, 2020 WL 6826210 (SD Tex).

Congress created the Treasury Department on September 2, 1789. See An Act to Establish the Treasury Department, 1 Stat 65, Ch 12, 65–67 (1789), codified at 31 USC § 301; see *Collins v Mnuchin*, 938 F3d 553, 623 & n 4 (5th Cir 2019) (citations omitted). And "funds held in the U.S. Treasury . . . remain the property of the United States until the government elects to pay them to whom they are owed." *Walker International Holdings Ltd v Republic of Congo*, 395 F3d 229, 232 (5th Cir 2004), quoting *Flatow v Islamic Republic of Iran*, 74 F Supp 2d 18, 21 (DDC 1999).

Castro thus pleads no *legally protected* interest in the United States Treasury or its funds. And so he hasn't, and can't, demonstrate that he has suffered an injury in fact. This deprives him of standing to bring this action, which further warrants dismissal.

*As to potential for amendment.* A district court "should freely give leave [to amend] when justice so requires." FRCP 15(a)(2). The Fifth Circuit holds that this "evinces a bias in favor of granting leave to amend." *Carroll v Fort James Corp*, 470 F3d 1171, 1175 (5th Cir 2006) (quotation omitted). But the decision whether to grant leave to amend is within the sound discretion of the district court. *Pervasive Software Inc v Lexware GmbH & Co KG*, 688 F3d 214, 232 (5th Cir 2012) (citation omitted). It may be denied "when it would cause undue delay, be the result of bad faith, represent the repeated failure to cure previous amendments, create undue prejudice, or be futile." *Morgan v Chapman*, 969 F3d 238, 248 (5th Cir 2020), citing *Smith v EMC Corp*, 393 F3d 590, 595 (5th Cir 2004).

With respect to standing, Castro can't demonstrate a legally protected interest in the United States Treasury or its funds. This makes amendment futile. Dismissal will thus be with prejudice.

Castro may instead pursue further review on appeal as allowed by law, if desired.

\* \* \*

The motion to dismiss by Defendant the United States of America is GRANTED. Dkt 8.

The claims by Plaintiff Walter E. Castro are DISMISSED WITH PREJUDICE.

SO ORDERED.

Signed on April 13, 2021, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge